UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

PRESBY PATENT TRUST,            )
                                )
        Plaintiff,                )
                                )
        v.                        )    2:17-cv-00068-JAW
                                )
INFILTRATOR WATER               )
TECHNOLOGIES, LLC               )
and INFILTRATOR SYSTEMS, INC.,  )
                                )
        Defendants.               )

## ORDER ON MOTION TO DISMISS FOR IMPROPER VENUE

A wastewater treatment system manufacturer moves to dismiss a patent infringement suit brought by a patent trust, arguing improper venue. Based on intervening caselaw from the United States Supreme Court in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), because the defendant's characteristics do not meet the statutory requirements as interpreted by the Supreme Court for proper venue in a patent infringement action, the Court finds that venue in the District of Maine is improper. Concluding that transfer of the case is in the interest of justice and that the District of Delaware is the proper venue for this action, the Court transfers the case to the District of Delaware.

## I. BACKGROUND

### A. Procedural History

On February 22, 2017, Presby Patent Trust (Presby) filed suit alleging that Infiltrator Water Technologies, LLC and Infiltrator Systems, Inc. (collectively

Infiltrator) infringed two of its patents. *Compl.* (ECF No. 1). On April 28, 2017, Infiltrator moved to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). *Defs.' Mot. to Dismiss for Improper Venue* (*Defs.' Mot.*) (ECF No. 14). In the alternative, Infiltrator requested that the Court defer ruling on the motion until the Supreme Court issued a decision in a case Infiltrator argued would control— *TC Heartland LLC v. Kraft Foods Group Brands LLC*. *Id.* at 7. Infiltrator attached three exhibits. *Id.* Attachs. 1-3. Presby filed its opposition on May 18, 2017. *Pl.'s Obj. to Defs.' Mot. to Dismiss for Improper Venue* (*Pl.'s Opp'n*) (ECF No. 15). On May 22, 2017, the Supreme Court issued its decision in *TC Heartland*. Infiltrator replied to Presby's opposition on June 1, 2017, attaching a copy of the *TC Heartland* opinion. *Defs.' Reply in Supp. of its Mot. to Dismiss for Improper Venue* (*Defs.' Reply*) (ECF No. 16); *Defs.' Reply* Attach. 1.

### B. Relevant Factual Allegations[1]

Infiltrator is a corporation organized and existing under the laws of the state of Delaware.[2] *Defs.' Mot.* at 3. Its headquarters and principal place of business are located in Old Saybrook, Connecticut. *Compl.* ¶ 2; *Defs.' Mot.* at 3. Infiltrator has sold, through Maine distributors or otherwise, products and systems that infringe patents held by the plaintiff, or has caused the installation of products and systems,

---

[1] The Court omits facts that do not bear on venue.
[2] The Complaint alleges that Infiltrator is incorporated in Connecticut. *Compl.* ¶ 2. Infiltrator says it is instead incorporated in Delaware. *Defs.' Mot.* at 3 n.3. The discrepancy may have resulted from confusion on Presby's part arising out of the acquisition of Infiltrator Systems, Inc. by Infiltrator Water Technologies, LLC in 2015. *Defs.' Mot.* at 3. The former, when it existed, was incorporated in Connecticut; the latter combined entity is incorporated in Delaware. *Id.; see Defs.' Mot.* Attach. 1 *Decl. of Bryan Coppes in Supp. of Defs.' Mot. to Dismiss* ¶¶ 3, 4. The Court further discusses this issue *infra* n.5.

the use of which infringes patents held by the plaintiff, within the state of Maine. *Compl.* ¶¶ 5, 23. Specifically, Infiltrator has directly infringed Presby's patents by making, using, importing, selling, and/or offering to sell its Advanced Leachfield Treatment (ATL) product. *Compl.* ¶¶ 27, 29. Infiltrator has indirectly infringed the patents by inducing its customers to directly infringe the claims of those patents or by knowingly providing an infringing product (the ATL) that has no substantial non-infringing uses. *Compl.* ¶¶ 28, 30.

### C. The Parties' Positions

#### 1. Infiltrator's Motion

In its motion, Infiltrator argues that the plain language of the relevant venue statutes and Supreme Court precedent at the time of the filing make clear that 28 U.S.C. § 1400(b) is the specific, unique provision that exclusively governs venue in patent infringement cases. *Defs.' Mot.* at 1-2, 4.

Infiltrator argues that Presby's reliance in its Complaint on the more expansive, general venue statute, 28 U.S.C. § 1391, is misplaced. *Id.* at 1. Infiltrator acknowledges that the Federal Circuit endorsed borrowing the definition of corporate residence from § 1391(c) in patent infringement suits in its opinion in *TC Heartland*. *Id.* at 1-2 (citing *In re TC Heartland LLC*, 821 F.3d 1338, 1341 (Fed. Cir. 2016)). However, Infiltrator asserts that the Federal Circuit ruled incorrectly and predicted that the Supreme Court, which at the time of Infiltrator's filing had granted certiorari in that case, would reverse. *Id* at 1-2, 4, 5-7; *see In re TC Heartland LLC*, 821 F.3d 1338 (Fed. Cir. 2016), *cert granted*, 137 S. Ct. 614 (U.S. Dec. 14, 2016) (No. 16-341).

Infiltrator claims that applying § 1400(b) to the facts in this case reveals that venue is improper in the District of Maine. The statute provides that, for patent infringement actions, venue is proper only in a judicial district "(1) where the defendant resides, or (2) where the defendant has committed acts of infringement and has a regular and established place of business." *Id.* at 4. In applying § 1400(b), Infiltrator quotes *Fourco Glass Company v. Transmirra Products Corporation*, 353 U.S. 222, 226 (1957): "28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)." 353 U.S. at 229. Infiltrator also cites the Supreme Court's holding in *Fourco* that, with respect to corporations, the phrase "where the defendant resides" in § 1400(b) means "the state of incorporation only." *Id.* at 226. Infiltrator asserts that, because it is not incorporated in Maine, the first clause of § 1400(b) does not support proper venue in the District of Maine. *Defs.' Mot.* at 3.

Infiltrator goes on to point out that the test in the second clause is equally inapplicable in this case because Infiltrator does not have "a regular and established place of business" in Maine. In support of this assertion, Infiltrator states that it does not maintain, own, or lease any offices, facilities, retail locations, warehouses, or other property of any kind in the state of Maine. *Id.* at 3. Infiltrator accepts all orders from its regular place of business in Old Saybrook, Connecticut, and it ships orders to its customers from manufacturing and warehouse facilities located outside of Maine. *Id.* The only presence of any kind that Infiltrator claims to have in Maine is

4

one employee who resides in the state and works remotely from his own home by personal choice, not at the request of or for the business purposes of Infiltrator. *Id.* at 3 n.4. That employee is not involved in the sale or advertisement of Infiltrator products within Maine, and he does not keep an inventory of products at his home, nor does he provide technical consulting to any customers located in Maine. *Id.* It argues that this one employee working remotely from home does not constitute a "regular and established place of business." *Id.* Therefore, Infiltrator concludes, § 1400(b) does not support proper venue in the District of Maine. Section 1400(b) being the exclusive provision governing venue in cases of this sort, venue is improper here.

### 2. Presby's Opposition

Presby does not dispute Infiltrator's arguments about how § 1400(b), under *Fourco*, would apply to the facts of this case. Nor does it dispute any of Infiltrator's assertions about its presence (or lack thereof) in Maine. Instead Presby argues that *Fourco* is dead letter and bases its opposition upon disputing the proposition that § 1400(b) is to be read without reference to § 1391(c) in interpreting where a corporate defendant "resides" for purposes of determining proper venue in patent infringement cases.

Presby writes that "*Fourco* has not been controlling precedent for years," *Pl.'s Opp'n* at 1, and that, as such, the broad definition of corporate "residency" in § 1391(c) should be borrowed to give meaning to § 1400(b)'s reference to where a defendant "resides." In support, Presby cites the Federal Circuit's decision in *In re TC Heartland LLC*, (then under review by the Supreme Court), as well as another

5

Federal Circuit case, *VE Holding Corporation v. Johnson Gas Appliance Company*, 917 F.2d 1574, 1578 (Fed. Cir. 1990).[3] *Pl's. Opp'n* at 2-7. It goes on to suggest, though not expressly argue, that the facts here support a finding that Infiltrator "resides" in Maine under § 1391(c). *Id.* at 2-3, 3 n.2.

Finally, Presby argues that the Court should determine whether venue is proper at the commencement of the case, or, alternatively, at the time of the motion to dismiss. *Pl.'s Opp'n* at 7, 7 n.5. It further suggests that subsequent changes in circumstances that would have made venue inappropriate need not defeat venue that was proper at the time of filing. *Id.* at 7-8.

### 3. Infiltrator's Reply

Infiltrator filed its reply ten days after the Supreme Court issued its opinion in *TC Heartland*. Infiltrator summarizes the Court's holding and asserts that Presby fails to meet the proper test for venue under *TC Heartland*. *Defs.' Reply* at 1-4.

Infiltrator reiterates that it is not incorporated in Maine and does not have regular and established business presence in Maine. It points out that Presby does not allege nor argue to the contrary. Thus, Infiltrator concludes, venue in the District of Maine is improper under § 1400(b). Infiltrator also disputes Presby's intimation that the Supreme Court's decision in *TC Heartland* might not apply to this case, citing *Harper v. Virginia Department of Taxation*, 509 U.S. 86, 97 (1993).

---

[3] The Court does not repeat the details of the arguments that Presby makes on this score because they are now moot following the Supreme Court's clear holding in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, which vitiated those arguments.

6

## II. DISCUSSION

### A. Legal Standard

A defendant may file a motion to dismiss an action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). In ruling on a motion to dismiss, a court is required to "accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009) (quoting *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001)). Under 28 U.S.C. § 1406(a), in the event that a district court finds venue to be improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Whether dismissal or transfer is appropriate lies within the sound discretion of the district court. *Cormier v. Fisher*, 404 F. Supp. 2d 357, 363 (D. Me. 2005) (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)).

### B. *TC Heartland* & the Standard for Proper Venue in Patent Infringement Cases

On May 22, 2017 the Supreme Court issued *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017). The Supreme Court rendered its opinion after Presby filed its opposition and before Infiltrator filed its reply. The decision spoke directly to the differing interpretations of the applicable standard for proper venue in patent infringement cases that the parties in this case presented. In its opinion in the *TC Heartland* case, the Federal Circuit borrowed the broad definition of "residence" from 28 U.S.C. § 1391(c) in interpreting the term "resides" in § 1400(b). *In re TC Heartland*, 821 F. 3d at 1341-43. The Supreme Court reversed and

7

confirmed that its opinion in *Fourco* is still the controlling interpretation of 28 U.S.C. § 1400(b). *TC Heartland*, 137 S. Ct. at 1520-21 (citing *Fourco*, 353 U.S. at 228-29).

Specifically, the Court found that § 1400(b) is to be read without reference to § 1391(c), and it stated that "[a]s applied to domestic corporations, 'reside[nce]' in § 1400(b) refers only to the State of incorporation." *TC Heartland*, 137 S. Ct. at 1521; *see Amax, Inc. v. ACCO Brands Corp.*, Civil Action No. 16-10695-NMG, 2017 WL 2818986 (D. Mass. Jun. 29, 2017) ("the [Supreme Court reversed *VE Holding Corp.*, determining that, consistent with its prior holding in *Fourco*, venue in patent cases is determined solely by 28 U.S.C. § 1400(b)). In summary, as the Federal Circuit recently wrote in *In re Micron Tech., Inc.*, No. 2017-138, 2017 U.S. App. LEXIS 22956 (Fed. Cir. Nov. 15, 2017), "[t]he Supreme Court changed the controlling law when it decided *TC Heartland* in May 2017." *Id.* at *14-15.

### C. *TC Heartland* Applies to this Case

"When th[e Supreme] Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [its] announcement of the rule." *Harper*, 509 U.S. at 97; *see also Herman v. Hector I. Nieves Transp., Inc.*, 244 F.3d 32, 37-38 (1st Cir. 2001). This principle is equally applicable to cases pending in district courts as it is to cases on appeal. "[I]f a new rule is applied to the parties in the rule-creating case, then it must be applied retroactively to similarly situated parties in all pending

8

cases." *Crowe v. Bolduc*, 365 F.3d 86, 93 (1st Cir. 2004); s*ee, e.g., Mills v. State of Me.*, No. 2:92-cv-00410-DBH, 1996 WL 400510, at *1 (D. Me. Jul. 3, 1996).

Presby cites caselaw setting forth the general principle that venue, specifically when governed by § 1391, must be determined based on the facts as they existed at the time of the filing of the complaint. *Pl.'s Opp'n* at 7. It goes on to cite caselaw that applies that principle by rejecting arguments that post-filing factual developments render venue improper. *Id.* at 7-8 ("In cases where subsequent changes in circumstances would have made venue inappropriate, courts have held that such events will not defeat venue that was proper at the time of filing").

The Court has no quarrel with Presby's contention that the propriety of venue under § 1391 is determined by facts as they existed at the time the case was filed. Chief Justice Marshall first announced this ancient principle in 1824 in *Mollon v. Torrance*, 22 U.S. 537 (1822). *Id.* at 539 ("[J]urisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events").

But this age-old precept does not carry the day in this case for two reasons. First, § 1400(b), not § 1391, governs venue in patent infringement cases, so the cases Presby cites are inapposite. To the extent Presby is relying on the first prong under § 1400(b)—"the judicial district where the defendant resides"—there is no evidence that Infiltrator has ever resided in the state of Maine. To the extent Presby is relying on the second prong under § 1400(b)—"where the defendant committed acts of infringement and has a regular and established place of business"—the rule for the

9

timing of critical facts under § 1400(b) may differ from the general rule under § 1391. "Although few courts have considered the proper time frame for assessing whether a defendant[] has a 'regular and established place in a district,' the courts that have examined this issue held that the critical time period is when the claim has accrued if the 'suit is filed within a reasonable time thereafter.'" *Free-Flow Packaging Int'l, Inc. v. Automated Packaging Systems, Inc.*, No. 17-cv-01803-SK, 2017 WL 4155347, at *4, 2017 U.S. Dist. LEXIS 156997, at *12-13 (N.D. Cal. Aug. 29, 2017) (collecting cases); *see also* 14D CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3823 (4th ed. 2017). The § 1400(b) analysis may be an exception to the venue principle Chief Justice Marshall first articulated in 1822.

More to the point, irrespective of the proper time for the jurisdictional facts in this case to have taken place, those facts have not changed either from the time the claim accrued or from the time Presby filed suit. What has changed is the controlling interpretation of the law. In *TC Heartland*, the Supreme Court clarified which statute governs and its ruling was definitive. This Court, like all inferior courts, is obligated to apply the teachings of the Supreme Court.

Indeed, the facts of this case and the crux of this venue dispute are remarkably similar to *TC Heartland*. TC Heartland was a manufacturer of flavored drink mixes organized under Indiana law and headquartered in Indiana. *TC Heartland*, 137 S. Ct. at 1517. Kraft, organized under Delaware law with its principal place of business in Illinois, was a competitor in the same market and sued TC Heartland in the District Court for the District of Delaware, alleging patent infringement. *Id.* TC

10

Heartland was not registered to conduct business in Delaware and had no meaningful local presence there, but it did ship the allegedly infringing products into Delaware. *Id.* TC Heartland moved to dismiss the case or to transfer venue to the District Court for the Southern District of Indiana, arguing that venue was improper in Delaware and citing *Fourco*'s holding that a corporation resides only in its state of incorporation for patent infringement suits. *Id.* It further argued that it had no "regular and established place of business" in Delaware under the second clause of § 1400(b). *Id.* The district court denied the motion, and the Federal Circuit affirmed—both borrowing § 1391(c)'s broader definition of "residency" in determining where TC Heartland "resides" under § 1400(b). *Id.* at 1517-18; *Kraft Foods Grp. Brands LLC v. TC Heartland LLC*, Civil Action No. 14-28-LPS, 2015 WL 5613160, at *2 (D. Del. Sep. 24, 2015); *In re TC Heartland LLC*, 821 F.3d at 1341-43. As noted, the Supreme Court reversed, rejecting reference to § 1391(c) when applying § 1400(b) to domestic corporate defendants.

Infiltrator is a domestic corporate defendant that, according to the plaintiff's allegations, merely remotely sells its allegedly patent-infringing product to customers in Maine. It is not incorporated in Maine; nor does it have any regular or established place of business in Maine. Presby argues that § 1400(b) should be read with reference to § 1391(c); Infiltrator argues that it should not. Given the substantial factual and legal similarity to *TC Heartland*, the Supreme Court's decision applies to this case.[4]

---

[4] There is no dispute as to whether Infiltrator preserved its venue objection prior to the Supreme Court's decision in *TC Heartland*. *See In re Micron Tech.*, 2017 U.S. App. LEXIS 22956, at *1-22.

11

### D. Venue is Improper in the District of Maine under *TC Heartland*

28 U.S.C. § 1400(b) provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Infiltrator is incorporated in Delaware.[5] Accordingly, Infiltrator "resides" in Delaware for purposes of § 1400(b). *See TC Heartland*, 137 S. Ct. at 1521. The defendant's residence clause does not provide for proper venue in the District of Maine.[6]

### E. Transfer to Another District is in the Interest of Justice

Having determined that venue is improper under 28 U.S.C. § 1400(b), the Court turns to the appropriate remedy and finds that transfer of this matter, as opposed the dismissal Infiltrator seeks, is in the interest of justice. 28 U.S.C. § 1406(a) requires that, if it is in the interest of justice, a district court transfer a case in which it finds venue to be improper "to any district or division in which it could have been brought." This provision is consistent with the "general purpose . . . of

---

[5] The parties' filings differ as to this fact, as discussed *supra* n.2. However, the Court suspects there is no actual disagreement between the parties on this issue. For purposes of this motion, the Court takes judicial notice of the fact that Infiltrator Water Technologies, LLC is a limited liability company incorporated in Delaware. STATE OF DELAWARE, SECRETARY OF STATE, DIVISION OF CORPORATIONS, website (May 27, 2015), https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx; s*ee generally Peterborough R.R. v. Bos. & Me. R.R.*, 239 F. 97, 99 (1st Cir. 1917) (taking judicial notice of a defendant corporation's state of incorporation); *see also Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 518-19, 519 n.2 (5th Cir. 2015) (taking judicial notice of defendant corporation's principal place of business and collecting cases wherein courts have taken judicial notice of facts pertaining to jurisdictional issues, including a corporation's state of incorporation).

[6] Presby has neither alleged nor argued that Infiltrator has a "regular and established place of business" in the state of Maine. 28 U.S.C. § 1400(b); *see In re Cray*, 871 F. 3d 1355, 1359 (Fed. Cir. 2017) (citations omitted) (collecting cases wherein, in the wake of *TC Heartland*, "litigants and courts are raising with increased frequency the question of where a defendant has a 'regular and established place of business'").

removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). Whether dismissal or transfer is appropriate lies within the sound discretion of the district court. *Cormier*, 404 F. Supp. 2d at 363 (citing *Minnette*, 997 F.2d at 1026). Although Infiltrator seeks dismissal, not transfer, it moved pursuant to § 1406(a), which directs courts to transfer if it is in the interest of justice. Furthermore, "[i]t is well settled that a court may transfer a case sua sponte pursuant to 28 U.S.C. §§ 1404(a) and 1406(a)." *Desmond v. Nynex Corp.*, 37 F.3d 1484, (1st Cir. 1994) (per curiam).

Courts have transferred cases pursuant to § 1406(a) when plaintiffs have made errors in their choices of where to file. *See, e.g., Cormier*, 404 F. Supp. 2d at 363-65; *Johnson v. Gen. Dynamics Info. Tech., Inc.* 675 F. Supp. 2d 236, 242-43 (D. N.H. 2009); *Dindio v. First Babylon, Inc.*, 328 F. Supp. 2d 126, 129 (D. Mass. 2004) *see also Biby v. Kansas City Life Ins. Co.*, 629 F.2d 1289, 1294 (8th Cir. 1980) (transfer appropriate when plaintiff makes good-faith erroneous selection of initial forum). The Supreme Court has endorsed this practice: "[t]he language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue . . . ." *Goldlawr*, 369 U.S. at 466.

At the time Presby filed its Complaint in the District of Maine, the Federal Circuit's interpretation of the law of venue in patent infringement actions at least arguably supported the decision to file here. Infiltrator agreed. *Defs.' Mot.* at 2 n.2 ("Infiltrator acknowledges that venue in Maine is proper in this case if the Supreme

13

Court affirms the Federal Circuit's approach in *TC Heartland*"). Filing in a district that later proves to be improper only after and because the Supreme Court clarified an ambiguity in the law does not affect the underlying validity of the claims. *See In re Micron Tech., Inc.*, 2017 U.S. App. LEXIS 22956, at 1-22. The Court determines that transfer, not dismissal, is in the interest of justice.

### F. The District of Delaware

Infiltrator is incorporated in Delaware. Thus, its "residence" under § 1400(b) is in Delaware, *See TC Heartland*, 137 S. Ct. at 1521. Therefore, venue is proper there. In order to complete its determination of whether this case "could have been brought" in the District of Delaware, the Court examines whether the District of Delaware would have subject matter jurisdiction and personal jurisdiction over Infiltrator. Presby's claims arise under 35 U.S.C. § 271, granting all district courts subject matter jurisdiction over the case. *See* 28 U.S.C. § 1338(a). A corporation's place of incorporation is a paradigm forum in which it is subject to general personal jurisdiction. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). Therefore, Infiltrator's Delaware incorporation assures that the District of Delaware would have personal jurisdiction over Infiltrator. Hence, Presby could have brought this case in the District of Delaware, and the Court may transfer it there pursuant to § 1406(a).

## III. CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss for Improper Venue (ECF No. 14) only insofar as it seeks a determination that venue is improper in the District

of Maine. The Court DIRECTS the Clerk of Court to transfer this matter to the District of Delaware.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 29th day of November, 2017